UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HONEYWELL INTERNATIONAL INC.,

      Petitioner,

– against –

MAZARS USA LLP,

      Respondent.

**ORDER**

21 Misc. 870 (ER)

RAMOS, D.J.:

  On December 31, 2021, Honeywell International Inc. initiated this miscellaneous action to compel Mazars USA LLP to comply with a subpoena, or in the alternative to transfer this matter to United States Bankruptcy Judge Thomas P. Agresti in the bankruptcy court for the Western District of Pennsylvania, as Judge Agresti is presiding over *Honeywell International Inc. v. North American Refractories Company Asbestos Personal Injury Settlement Trust*, Adv. Proc. No. 21-2097 (Bankr. W.D. Pa.), the underlying case for which the subpoena was served.

  For the reasons set forth below, the Court GRANTS Honeywell's motion to transfer the motion to compel.

I.  **LEGAL STANDARD**

  Federal Rule of Civil Procedure 45 governs out-of-district subpoenas and was amended in 2013. "As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court . . . where compliance with the subpoena is required." Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the

court finds exceptional circumstances." Fed. R. Civ. P. 45(f).  The advisory committee notes on the 2013 amendment state that

> the proponent of transfer bears the burden of showing that such circumstances are present.  The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.  In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.  Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

This Court has previously transferred similar motions due to "the posture and complexity of the underlying action," "risk of conflicting rulings," and to avoid unnecessary delay.  *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 Misc. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019).  Other courts in this district have transferred motions where the judge in the underlying case has already been managing discovery, *Google LLC v. Fortress Inv. Grp. LLC*, No. 20 Misc. 132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020), and where that judge has more knowledge of the case that would help resolve the issues, *Stanziale v. Pepper Hamilton LLP*, No. M8-85 (CSH), 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007); *Iwanksi v. Milliman, Inc.*, 472 F. Supp. 3d 104, 104 (S.D.N.Y. 2020), *report and recommendation adopted*, No. 20 Misc. 224 (GBD) (SLC), 2020 WL 5665696 (S.D.N.Y. Aug. 13, 2020).

II.   **DISCUSSION**

The underlying case for which the subpoena at issue was served is the second bankruptcy lawsuit Honeywell has brought against the defendants in that action, the first of which was brought in 2015.  Doc. 14 at 7.  Judge Agresti in the Bankruptcy Court for the Western District of Pennsylvania has presided over both cases, and the documents at issue in this subpoena are related to the issues that arose in the 2015 case.  *Id.*  Judge Agresti thus has unique knowledge

about the issues in this matter. Additionally, these cases are complex and lengthy bankruptcy matters. In the interest of judicial economy, this matter would be best handled by Judge Agresti, who has significant background knowledge of the underlying case that this Court does not possess. Lastly, Honeywell has served other subpoenas in the underlying case that may be resolved in other districts. *Id.* at 20. To avoid a risk of conflicting rulings, the Court finds that this matter should be transferred to Judge Agresti. Exceptional circumstances of risk of inconsistent rulings, the complexity of the underlying case, and the interests of judicial economy outweigh any interest Mazars might have in litigating this motion locally. Additionally, Mazars will not suffer prejudice due to the transfer, as Judge Agresti has a standing policy whereby parties may appear remotely at all non-evidentiary hearings. *Id.* at 21. Accordingly, the matter is transferred. *See* Order, *Honeywell Int'l Inc. v. NARCO Asbestos Injury Settlement Trust*, No. 8:21-mc-157-CEH-AAS, Dkt. No. 10 (M.D. Fla. Dec. 27, 2021) (transferring another subpoena issue in this same matter to Judge Agresti).

### III. CONCLUSION

For these reasons, the Court GRANTS Honeywell's motion to transfer the motion to compel, and transfers this case to Judge Agresti in the Western District of Pennsylvania Bankruptcy Court, in the matter *Honeywell International Inc. v. North American Refractories Company Asbestos Personal Injury Settlement Trust*, Adv. Proc. No. 21-2097 (Bankr. W.D. Pa.). The Court respectfully directs the Clerk of Court to transfer the case.

It is SO ORDERED.

Dated: January 10, 2022
       New York, New York

                                                Edgardo Ramos, U.S.D.J.