USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/18/2022

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

**MEMO ENDORSED**

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Ronald K. Anguas, Jr.
To Call Writer Directly:
+1 202 389 5091
ronald.anguas@kirkland.com

Facsimile:
+1 202 389 5200

January 18, 2022

**VIA CM/ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 21B
New York, NY 10007-1312

Motion Granted -

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
1/18/22

Re:   *Honeywell International Inc. v. Mazars USA LLP,*
       Case No. 1:21-mc-00870

Dear Judge Kaplan:

On behalf of Petitioner Honeywell International Inc. and Respondent Mazars USA LLP, we hereby file this Joint Letter-Motion requesting a transfer of the above-captioned matter (the "Motion to Compel and Transfer") to Judge Agresti in the United States Bankruptcy Court for the Western District of Pennsylvania in the action captioned *Honeywell International Inc. v. North American Refractories Company Asbestos Personal Injury Trust*, Adv. No. 21-2097 (the "Underlying Action"). As set forth in Honeywell's Memorandum in Support of its Motion to Compel or Transfer, the Underlying Action is in the midst of expedited discovery and a trial date is set for May 2022. ECF No. 14.

Both parties consent to the relief requested herein and Federal Rule of Civil Procedure 45(f) is satisfied.

**Statement of Compliance with Individual Practice Rule (A)(1)(b).** Individual Practice Rule (A)(1)(b) states, "[p]rior to requesting judicial action, the requesting counsel must consult with all other parties in an effort to obtain their consent to the request." Petitioner Honeywell, who seeks the Motion to Compel or Transfer, has already requested transfer to the Bankruptcy Court for the Western District of Pennsylvania. ECF No. 14. Counsel for Respondent Mazars USA LLP, who appeared in this action on January 13, 2022, has been working with counsel for Petitioner to address the outstanding subpoena and consents to transfer to Judge Agresti. Respondent agrees that it would be in the interest of efficiency for this matter to be before Judge